IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LORIE A. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| JOHNSON & JOHNSON, ETHICON US, LLC, JANSSEN ORTHO, LLC, JANSSEN RESEARCH & DEVELOPMENT, LLC, JANSSEN PHARMACEUTICALS, INC., ORTHO-MCNEIL PHARMACEUTICALS, INC., TEVA BRANDED PHARMACEUTICALS PRODUCTS R&D, INC., TEVA PHARMACEUTICALS USA, INC., TEVA PHARMACEUTICALS INDUSTRIES LTD, & DR. MOHAMMAD F. ISMAIL, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Johnson & Johnson, Ethicon US, LLC, Janssen Ortho, LLC, Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Ortho-McNeil Pharmaceuticals, Inc.[1], Teva Branded Pharmaceuticals Products R&D, Inc., Teva Pharmaceuticals USA, Inc., and Teva Pharmaceuticals Industries LTD ("Defendants") hereby give notice of the removal of the above captioned action from Circuit Court of Calhoun County to the United States District Court for the Northern District of Alabama. As grounds for this removal, Defendants state as follows:

---

[1] Plaintiff's Complaint erroneously named as a defendant Ortho-McNeil Pharmaceuticals, Inc., which does not exist. Defendants will assume that Plaintiff intended to name as a defendant Ortho McNeil Pharmaceutical, LLC.

1

64161700.v1

## BACKGROUND

1. On or about March 30, 2022, Plaintiff Lorie A. Moore ("Plaintiff"), a resident and citizen of the State of Alabama, filed a Complaint in the Circuit Court of Calhoun County, Alabama, entitled, *Lorie A. Moore v. Johnson & Johnson, Ethicon US, LLC, Janssen Ortho, LLC, Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Ortho-McNeil Pharmaceuticals, Inc., Teva Branded Pharmaceuticals Products R&D, Inc., Teva Pharmaceuticals USA, Inc., Teva Pharmaceuticals Industries LTD & Dr. Mohammad F. Ismail*, Civil Action No. 11-CV-2022-900125.00, in the Circuit Court of Calhoun County, Alabama. *See* Ex. A, Compl.

2. Plaintiff's Complaint alleges that beginning in approximately 2004, she took Elmiron, a prescription medication manufactured by certain of the named Defendants. *See id*. at ¶ 118. She claims to have "suffered various injuries, serious physical pain and suffering, medical, and hospital expenses as a direct result of her use of Elmiron." *Id*. at ¶ 111. She complains of "serious visual injuries, including, but not limited to, severe vision degradation, and loss of night vision." *Id*. at ¶ 116. She alleges that Defendants gave her no warning regarding the alleged risk of these injuries and that her injuries "could have been avoided or would have been less severe had any or all of Defendants properly disclosed the risks associated with its use." *Id*. at ¶¶ 111–133. She also alleges she was injured by a surgical mesh manufactured by one of the Defendants. *Id.* at ¶¶ 152-160.

3. Plaintiff also asserted malpractice allegations, naming as a defendant Dr. Mohammad Ismail. Plaintiff appears to contend that Dr. Ismail was supposedly negligent by allegedly prescribing Elmiron to Plaintiff once on May 13, 2020 after having been on it for approximately 16 years previously. *Id.* at ¶ 118.

2

4. This case is similar to hundreds of other cases across the country involving Elmiron, which have been removed to or filed directly in federal court and transferred to a Multidistrict Litigation ("MDL") proceeding in the United States District Court for the District of New Jersey. *In re Elmiron (Pentosan Polysulfate Sodium) Prods. Liab. Litig.*, 2020 WL 7384682 (Mem.) (J.P.M.L. Dec. 15, 2020) (Transfer Order granting centralization of MDL No. 2973 ("Elmiron MDL"). Upon removal, Defendants shall promptly request that the United States Judicial Panel on Multidistrict Litigation ("JPML") transfer this action to the Elmiron MDL pursuant to the "tag-along" procedure contained in the JPML Rules. *See* 28 U.S.C. § 1407.

## BASIS FOR REMOVAL

5. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**I.     There Is Complete Diversity Of Citizenship Between The Parties.**

6. None of the properly joined Defendants are citizens of the same state as Plaintiff. Complete diversity therefore exists under 28 U.S.C. § 1332(a).

7. Plaintiff Lorie A. Moore is a citizen of Alabama, and the properly joined defendants are citizens of states other than Alabama. Defendant Dr. Mohammad F. Ismail was fraudulently joined, and therefore his citizenship is disregarded for purposes of determining diversity jurisdiction.[2]

---

[2] The fictitious defendants in the Complaint ("Defendants A, B, C, D, E, and F") may also be ignored for purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1441(b).

3

A. **There is complete diversity of citizenship between the properly joined parties.**

8. Plaintiff Lorie A. Moore is a citizen of the State of Alabama. *See* Ex. A, Compl. at ¶ 1.

9. For purposes of determining citizenship under 28 U.S.C. § 1332(c)(1), Defendant Johnson & Johnson is a citizen of the State of New Jersey because it is a corporation incorporated under the laws of New Jersey and has its principal place of business in New Jersey. See 28 U.S.C. § 1332(c)(1).

10. Defendant Ethicon US, LLC is a limited liability company. "For purposes of diversity jurisdiction, a limited liability company "is a citizen of any state of which a member of the company is a citizen." *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2004) (internal quotations omitted). The sole member of Ethicon US, LLC is Ethicon Endo-Surgery, Inc. Ethicon Endo-Surgery, Inc. is a citizen of the State of Ohio because it is a corporation incorporated in the State of Ohio and has its principal place of business in Cincinnati, Ohio. Accordingly for purposes of determining its citizenship, Ethicon US, LLC is a citizen of Ohio.

11. Defendant Janssen Ortho, LLC is a limited liability company. Its sole member is OMJ Holding GmbH, a foreign corporation incorporated under the laws of Switzerland with its principal place of business located in Switzerland. Accordingly, for purposes of determining its citizenship, Janssen Ortho, LLC is a citizen of Switzerland.

12. Defendant Janssen Research & Development, LLC is a limited liability company. Its sole member is Centocor Research & Development, Inc., a Pennsylvania corporation with its principal place of business located in Pennsylvania. Accordingly, for purposes of determining its

4

citizenship, Defendant Janssen Research & Development, LLC is a citizen of the State of Pennsylvania.

13. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Janssen Pharmaceuticals, Inc. is a citizen of the State of Pennsylvania and the State of New Jersey because it is a corporation incorporated under the laws of Pennsylvania and has its principal place of business in New Jersey.

14. Plaintiff's Complaint erroneously named Ortho-McNeil Pharmaceuticals, Inc. as a defendant, which does not exist. Defendants will assume that Plaintiff intended to name Ortho-McNeil Pharmaceutical, LLC as a defendant. The sole member of Ortho-McNeil Pharmaceutical, LLC, is Defendant Janssen Pharmaceuticals, Inc. As stated above, Defendant Janssen Pharmaceuticals, Inc. is a citizen of the State of Pennsylvania and the State of New Jersey. Accordingly, for purposes of determining its citizenship, Defendant Ortho-McNeil Pharmaceutical, LLC is a citizen of the State of Pennsylvania and the State of New Jersey.

15. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Teva Branded Pharmaceutical Products R&D, Inc. is a citizen of the States of Delaware and Pennsylvania because it is a corporation incorporated under the laws of Delaware and has its principal place of business in Pennsylvania.

16. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Teva Pharmaceuticals USA, Inc. is a citizen of the States of Delaware and New Jersey because it is a corporation incorporated under the laws of Delaware and has its principal place of business in New Jersey.[3]

---

[3] Plaintiff's allegation in Paragraph 12 of her Complaint that Teva Pharmaceuticals USA, Inc.'s principal place of business is in Pennsylvania is incorrect. Teva Pharmaceuticals USA, Inc.'s principal place of business is located in New Jersey. *See Holley v. Teva Pharmaceuticals, USA*,

17. Defendant Teva Pharmaceutical Industries Ltd. is a foreign corporation with its principal place of business in Israel. Accordingly, for purposes of determining its citizenship, Defendant Teva Pharmaceutical Industries Ltd. is a citizen of Israel.

18. The citizenships of "Defendants A, B, C, D, E, and F" are not considered for purposes of determining diversity jurisdiction, as they are defendants sued under fictitious names. *See* 28 U.S.C. § 1441(b) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

19. Accordingly, Plaintiff is a citizen of Alabama and the properly joined defendants are citizens of New Jersey, Pennsylvania, Ohio, Israel, and Switzerland. Because none of the properly joined Defendants are citizens of the State of Alabama, there is complete diversity of citizenship among the parties for purposes of 28 U.S.C. § 1332.

**B.     Dr. Ismail was fraudulently joined.**

20. Defendant Dr. Mohammad Ismail is a citizen of the State of Alabama. *See* Ex. A, Compl. at ¶ 9. However, because he was fraudulently joined to this action, his citizenship is disregarded for purposes of determining whether diversity of citizenship is satisfied.

21. When a plaintiff fraudulently joins a non-diverse defendant, "the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Holcomb v. Veteran's Oil, Inc.*, 2020 WL 10223105, at *2 (N.D. Ala. Sept. 10, 2020). In other words, the court should "disregard the citizenship of a defendant" who was fraudulently joined when assessing diversity jurisdiction. *Calvert v. XTRA Lease, LLC*, 2018 WL 6725328, at *2 (N.D. Ala. Dec. 21, 2018).

---

Inc., Civil Action No. 20-1613, 2020 WL 4470617, at *2 (E.D. Pa. Aug. 4, 2020). Plaintiff's incorrect allegation does not affect this Court's subject matter jurisdiction.

22.     A defendant is fraudulently joined if "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Hubbard v. Cowabunga, Inc.*, 2020 WL 5645811, at *2 (N.D. Ala. Sept. 22, 2020); *see, e.g.*, *Restivo v. Bank of Am. Corp.*, 618 F. App'x 537, 539–540 (11th Cir. 2015) (holding defendant was fraudulently joined because allegations of complaint did not sufficiently state claims under Georgia law); *Hunt v. Nationstar Mortg., LLC*, 685 F. App'x 938, 942–43 (11th Cir. 2017) (upholding district court finding of fraudulent joinder based on fact that plaintiff's theory of liability was not cognizable under state law). "It is well settled that, upon allegations of fraudulent joinder, federal courts may look beyond the pleadings to determine if the joinder is a fraudulent device to prevent removal." *Waldrup v. Hartford Life Ins. Co.*, 598 F. Supp. 2d 1219, 1226 (N.D. Ala. 2008).

23.     Here, Plaintiff has not actually brought any *claim* against Dr. Ismail. Rather, all the "counts" of the Complaint assert exclusively products liability claims based on "products liability under AEMLD and other law" (Count I), "negligence" (Count II), "product liability (failure to warn)" (Count III), "defective design" (Count IV), "manufacturing defect" (Count V), "breach of implied warranties" (Count VI), "breach of express warranties" (Count VII), "fraudulent concealment" (count VIII), and misrepresentation, fraud, suppression, and deceit" (Count IX). Ex. A., Compl. at ¶¶ 142-282.

24.     The Complaint vaguely provides allegations concerning Dr. Ismail under a heading regarding "malpractice." *Id.* ¶¶ 134-141. Even if these allegations are construed as asserting a malpractice claim, there is still no possibility that Plaintiff can establish a malpractice claim against Dr. Ismail.

25.     "To prevail in a medical-malpractice action under the Alabama Medical Liability Act ('AMLA'), a plaintiff must establish 1) the appropriate standard of care, 2) that the defendant

health-care provider breached that standard of care, and 3) a proximate causal connection between the health-care provider's alleged breach and the identified injury." *Kraselsky ex rel. Est. of Kraselsky v. Calderwood*, 166 So. 3d 115, 118 (Ala. 2014) (internal citations omitted).

26. There is no possibility that Plaintiff can establish either a breach of any standard of care or that Dr. Ismail's actions proximately caused Plaintiff's injuries.

27. Elmiron is approved by the FDA for the relief of bladder pain or discomfort associated with interstitial cystitis, known as "IC". Ex. A., Compl. ¶ 6. Plaintiff alleges that Dr. Ismail prescribed Elmiron to her on one occasion on May 13, 2020. *Id.* at ¶ 118. Plaintiff contends that Dr. Ismail therefore "negligently failed to use reasonable care in selection of a proper medication for the treatment of her IC-related pain." *Id.* at ¶ 136.

28. But Dr. Ismail did not originally prescribe Elmiron to Plaintiff or recommend to Plaintiff that she take Elmiron. He merely refilled a prescription of Elmiron (apparently once), after she had been on the medication prescribed by another doctor for approximately 16 years previously.

29. Accordingly, there is there is no possibility Plaintiff can establish a cause of action against Dr. Ismail. *Cf. Williamson v. Daiichi Sankyo, Inc.*, 2017 WL 435301, at *2 (D.N.J. Jan. 31, 2017) (finding fraudulent joinder because plaintiff's claim against a doctor who never prescribed the drug at issue was "wholly insubstantial and completely lacking in colorable basis.").

30. Dr. Ismail is not a proper party, he was fraudulently joined to this lawsuit, and his citizenship may be disregarded for the purpose of determining diversity of citizenship.

**II.    The Amount In Controversy Exceeds $75,000, Exclusive Of Costs And Interest.**

31. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth in 28 U.S.C. 1332(a).

32. Here, the amount-in-controversy requirement is satisfied because it is facially apparent from the Complaint that Plaintiff has placed an amount in excess of $75,000, exclusive of interest and costs, at issue.

33. "When the complaint does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (alteration in original) (citation omitted). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). A court need not "suspend reality or shelve common sense" when evaluating the amount in controversy. *Id.*

34. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). And the defendant's "amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87.

35. Here, Plaintiff alleges that "[a]s a direct result of her long-term exposure to Defendants' Elmiron product, Plaintiff suffered serious visual injuries, including, but not limited to, severe vision degradation, and loss of night vision." See Ex. A, Compl. at ¶ 116. The plaintiff further alleges that:

> Plaintiff suffered severe and permanent physical injuries. She has endured, and will continue to endure, substantial pain and suffering. She has incurred significant expenses for medical care and treatment and will continue to incur such expenses in the future. Plaintiff has suffered and will continue to suffer economic loss, and has otherwise been physically, emotionally, and economically injured. Her injuries and damages are permanent and will continue into the future.

*Id.* at ¶ 182.

36. Plaintiff also alleges that due to surgical mesh allegedly manufactured by Ethicon US, LLC, that "Plaintiff has been required to undergo further surgery and has been injured in health, strength and activity and suffered injuries to body and mind." *Id.* at ¶ 160(a).

37. In all, Plaintiff is seeking damages, including for past, present, and future medical expenses; pain and suffering; mental anguish, anxiety, and discomfort; physical impairment; loss of enjoyment of life; pre- and post-judgment interest; and exemplary and punitive damages. *Id.* at ¶ 283.

38. Over 500 cases related to Elmiron are currently in federal court in the MDL. And other federal courts have found vision impairment injuries to be sufficient on their face to satisfy the amount in controversy threshold. *See, e.g.*, *Guy v. Schwing Bioset Inc.*, 2020 WL 10355096, at *3 (M.D. Fla. Apr. 20, 2020) (concluding that the "amount exceeds $75,000.00 based on the nature of Plaintiff's injuries" of "loss of vision in his left eye and migraines.").

39. It is facially apparent from the Complaint that the amount-in-controversy requirement is satisfied.

**III.   The Removing Defendants Have Satisfied The Other Procedural Requirements and Venue Requirements For Removal.**

40. The Circuit Court of Calhoun County, Alabama, is located within the Northern District of Alabama, Eastern Division. *See* 28 U.S.C. § 81(a)(4). Venue for this action is proper in this Court because the Northern District of Alabama, Eastern Division is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

41. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon and by Defendants are attached as Collective Exhibit A.

42. Defendants will promptly file a copy of this Notice with the Clerk of the Circuit Court of Calhoun County, Alabama, as required by 28 U.S.C. § 1446(d).

43. Immediately following the filing of this Notice of Removal, notice of the filing of this Notice will be delivered to Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

44. Defendants received a summons and a copy of the Complaint on (at the earliest) March 31, 2022.

45. Removal is timely, as this notice was filed within thirty days of Defendants' receipt of the initial pleadings or summons. *See* 28 U.S.C. § 1446(b)(2)(B).

46. This notice of removal is filed on behalf of all properly joined defendants. Dr. Ismail need not consent to removal because he is fraudulently joined. *Restivo*, 618 F. App'x at 540 n.5 ("A fraudulently joined defendant need not consent to removal."); 28 U.S.C. § 1446(b)(2)(A) (requiring only properly joined defendants to join or consent to removal).

47. By removing this action to this Court, Defendants do not waive any defenses, objections, or motions available under state or federal law. Defendants expressly reserve the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure and/or to seek dismissal on grounds of lack of personal jurisdiction, improper venue, or under the doctrine of *forum non conveniens*.

WHEREFORE, Defendants Johnson & Johnson, Ethicon US, LLC, Janssen Ortho, LLC, Janssen Research & Development, LLC, Janssen Pharmaceuticals, Inc., Ortho-McNeil Pharmaceuticals, Inc., Teva Branded Pharmaceuticals Products R&D, Inc., Teva Pharmaceuticals USA, Inc., and Teva Pharmaceuticals Industries LTD, give notice that the matter bearing Civil Action No. 11-CV-2022-900125.00, currently pending in the Circuit Court of Calhoun County, Alabama, is removed to this Court pursuant to 28 U.S.C. §§ 1441, *et seq*.

64161700.v1

Respectfully submitted this 29th day of April, 2022.

                        */s/ Christopher S. Berdy*
                        Christopher S. Berdy (ASB-4358-R-68C)
                        Butler | Snow LLP
                        One Federal Place
                        Suite 1000
                        1819 Fifth Avenue North
                        Birmingham, AL  35203-2118
                        Tel:    (205) 297-2200
                        Fax:    (205) 297-2201
                        E-mail:chris.berdy@butlersnow.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2022, I submit the foregoing via electronic mail to the Clerk of Court (newcasedocs@alnd.uscourts.gov) and counsel of record as follows:

Steve R. Morris
Attorney for Plaintiffs
Steve R. Morris Law
PO Box 814
Wedowee, AL  36201
Email: stevemorrislaw@yahoo.com

Victoria Wilson
Attorney for Plaintiff
Victory Law, LLC
1125 Noble Street
Anniston, AL  36201
vawilson_hubbardknight@hotmail.com

                        */s/ Christopher S. Berdy*
                        Christopher S. Berdy

64161700.v1